UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES EUGENE WALKER,

        Plaintiff,

v.

BERRIEN COUNTY JAIL et al.,

        Defendants.
_____/

Case No. 1:19-cv-722

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Berrien County Jail. The Court will order service of the complaint on Defendants Leneway, Ertman, and Obrien.

**Discussion**

I.      **Factual Allegations**

Plaintiff presently is an inmate at the Berrien County Jail (BCJ). Plaintiff sues the BCJ and the following BCJ officials: Deputies A. Leneway and Rick Ertman; and Sergeant Justin Obrien.

Plaintiff alleges that, on June 17, 2019, Defendants Leneway and Ertman escorted him to a new housing unit, Unit 2H. When he arrived at Unit 2H, Plaintiff noticed an inmate inside the unit with whom Plaintiff had serious problems. Plaintiff told Defendants Leneway and Ertman that he feared for his life, and he asked to be placed in segregation, as required by the rules and regulations of the BCJ. Instead, Defendant Ertman grabbed Plaintiff by the neck and slammed him to the ground. Ertman continued to bang Plaintiff's head against the floor. Defendant Obrien then came over and punched Plaintiff in the face repeatedly. Defendant Leneway apparently made no effort to intervene.

Plaintiff complains that he made no attempt to resist the officers, and he states that he was charged with assaulting an officer during the incident. He ultimately was taken to segregation, where he had originally asked to be taken.

Plaintiff seeks compensatory damages. He also requests injunctive relief in the form of a dismissal of the assault charges against him.

II.     **Failure to State a Claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff sues the BCJ, which he names as the "Berrien County 'Jail' Sheriff Dept." The jail is a building, not an entity capable of being sued in its own right. Plaintiff therefore cannot maintain an action against the BCJ.

To the extent that Plaintiff intends to sue the Berrien County Sheriff Department, he also fails to state a claim. The sheriff department does not exist as a separate legal entity; it is simply an agent of the county. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citing *Hughson v. Cty. of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) and *Bayer v. Almstadt*, 185 N.W.2d 40, 44 (Mich. Ct. App. 1970)). Accordingly, the Court will dismiss the Berrien County Sheriff Department.

However, construing Plaintiff's *pro se* complaint with all required liberality, *Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Berrien County. Berrien County may not be held vicariously liable for the actions of its employees under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county is liable only when its official policy or custom causes the injury. *Id.*

Plaintiff's allegations against the county rest solely on a theory of vicarious liability and therefore do not state a claim. *Id.* To the extent that Plaintiff suggests the existence of a county custom to allow jail staff to use excessive force, Plaintiff provides no allegation of fact that would support his suggestion. As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 60. Plaintiff cites no prior incidents demonstrating a widespread pattern. He merely suggests that such a pattern exists. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555 (2007). Plaintiff therefore fails to state a claim against Berrien County.

Upon initial review, the Court concludes that Plaintiff's allegations against the remaining Defendants are sufficient to state an Eighth Amendment claim. The Court therefore will order service of the complaint on Defendants Leneway, Ertman, and Obrien.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Berrien County Jail will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will order service of Plaintiff's claims against Defendants Leneway, Ertman, and Obrien.

An order consistent with this opinion will be entered.


Dated:   November 7, 2019              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       CHIEF UNITED STATES DISTRICT JUDGE