UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EUGENE WALKER,

         Plaintiff,

v.

BERRIEN COUNTY JAIL, *et al.*,

         Defendants.

_____/

Case No. 1:19-cv-722

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by plaintiff Charles Eugene Walker. While plaintiff is currently in the custody of the Michigan Department of Corrections (MDOC), this lawsuit involves incidents which occurred at the Berrien County Jail. This matter is now before the Court on a "Motion for Summary Disposition Pursuant to FRCP 56" brought by defendants Leneway, Ertman, and O'Brien (ECF No. 21). Since a "motion for summary disposition" does not exist in federal practice, the Court construes defendants' motion as one brought for summary judgment pursuant to Fed. R. Civ. P. 56. The Court will also address defendants' Exhibits 4 and 4A, and plaintiff's "Motion to deny substitution of Exhibit 4" (ECF No. 30).

### I.    Background

Plaintiff filed this lawsuit on September 5, 2019. At that time, he was an inmate at the Berrien County Jail ("Jail"). Plaintiff sued the Jail and three officials: Deputy A. Leneway; Deputy Rick Ertman; and Sergeant Justin O'Brien (named in the complaint as "Obrien"). The Court summarized plaintiff's claims as follows:

1

Plaintiff alleges that, on June 17, 2019, Defendants Leneway and Ertman escorted him to a new housing unit, Unit 2H.  When he arrived at Unit 2H, Plaintiff noticed an inmate inside the unit with whom Plaintiff had serious problems. Plaintiff told Defendants Leneway and Ertman that he feared for his life, and he asked to be placed in segregation, as required by the rules and regulations of the BCJ.  Instead, Defendant Ertman grabbed Plaintiff by the neck and slammed him to the ground. Ertman continued to bang Plaintiff's head against the floor. Defendant Obrien then came over and punched Plaintiff in the face repeatedly. Defendant Leneway apparently made no effort to intervene.

Plaintiff complains that he made no attempt to resist the officers, and he states that he was charged with assaulting an officer during the incident. He ultimately was taken to segregation, where he had originally asked to be taken.

Plaintiff seeks compensatory damages. He also requests injunctive relief in the form of a dismissal of the assault charges against him.

Opinion (ECF No. 5, PageID.28).  The Court dismissed defendant Jail and ordered service of the complaint on the three individual defendants.  *Id*. at PageID.31; Order (ECF No. 6).

The incident alleged in this civil case apparently resulted in state criminal charges against plaintiff for assault of a prison employee. After plaintiff filed the present civil lawsuit, a jury convicted him of assault of a prison employee (November 13, 2019) and the state court sentenced to 30 to 100 months in prison (December 27, 2019).  *See People v. Charles Walker*, Berrien Co. Cir. Ct. Case 2019002291-FH (ECF Nos. 22-5 and 22-6).[1]

## II.    Motion for summary judgment

### A.    Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

---

[1] The Court notes that defendants provided little information on the criminal proceedings.  *See* discussion, *infra*.

Fed. R. Civ. P. 56(a).  Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

## B.    Defendants' Exhibit 4

In their supporting brief, defendants included Exhibit 4, which they described as "[a] video depicting some of the incident."  Defendants' Brief (ECF No. 22, PageID.7).  This consists of two thumb drives (ECF No. 22-4, PageID.101; ECF No. 25).  A few weeks later, defendants sent the Court a supplemental brief and notice of substitution of exhibit, explaining that MDOC officials would not permit plaintiff to possess the flash drives.  Notice (ECF No. 26,

PageID.117).  In an attempt to remedy the situation, defendants prepared a series of photographs from the flash drive as Exhibit 4A and provided plaintiff with a copy of the photographs as a substitute exhibit.  *Id*.  *See* Exhibit 4A (ECF No. 26-1).  Plaintiff filed a motion to deny substitution of Exhibit 4 because the exhibit is incomplete.  Plaintiff's Motion (ECF No. 30).

The Court will not consider either the video or the photographs in resolving this motion.  Plaintiff has not seen the video from which the photographs were taken.  In addition, defendants make no effort to explain the video footage.  *See* Defendants' Brief at PageID.77 (identifying Exhibit 4 as "[a] video depicting some of the incident").  Finally, the photographs are useless to the Court, consisting of blurry figures with no explanation.  *See* Exh. 4A.  Accordingly, plaintiff's motion (ECF No. 30) should be granted.

### C.    Plaintiff's § 1983 claims

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem*, Ohio, 378 F.3d 566, 576 (6th Cir. 2004).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.  Here, plaintiff has alleged that the three individual defendants used excessive force.

Defendants have analyzed plaintiff's claim under the Fourth Amendment, analogizing his claim as one brought against a police officer for using excessive force during the arrest or seizure of a member of the general public.  *See* Defendants' Brief at PageID.78-79.  The

Court disagrees with defendants' conclusion that plaintiff's claim should be reviewed under the Fourth Amendment.

> An excessive-force claim may arise under the Fourth, Eighth, or Fourteenth Amendments. While the Fourth Amendment's prohibition against unreasonable seizures bars excessive force against free citizens, *see Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), the Eighth Amendment's ban on cruel and unusual punishment bars excessive force against convicted persons. *See Whitley v. Albers*, 475 U.S. 312, 318-19, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). When an individual does not clearly fall within either category, the Fourteenth Amendment's Due Process Clause prohibits a governmental official's excessive use of force. *See Phelps v. Coy*, 286 F.3d 295, 299–300 (6th Cir. 2002).

*Hopper v. Phil Plummer*, 887 F.3d 744, 751 (6th Cir. 2018).  "The question is not merely academic because the standards of liability differ depending upon which amendment applies."  *Id*. at 751-52.

It appears that plaintiff was serving a sentence at the Jail.  In a "formal complaint" addressed to Captain Wilkey, plaintiff stated in pertinent part, "On 6/17/19 I was charged for 2 assaults on Officers Leneway & Ertman. . . This is extremely unjust and I ask that this matter be resolved as soon as possible.  I was due to be released 6 days later on 6/23/19, and was set to be off parole on 7/9/19."  Formal Compl. (ECF No. 22-3, PageID.98).  Based on this admittedly scant record, it appears to the Court that the Eighth Amendment applies to plaintiff because he was a convicted person serving a sentence at the jail.

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment."  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  "The contemporary standards of civilized decency that currently prevail in society determine whether conditions of confinement are cruel and unusual."  *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004), citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  A viable Eighth Amendment claim consists of an objective and a subjective component.  *Farmer*

5

*v. Brennan*, 511 U.S. 825, 834 (1994).  A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind.  *Hudson*, 503 U.S. at 8.

The objective component requires the infliction of serious pain or failure to treat a serious medical condition.  *Id.* at 8-9.   In excessive force cases, the core judicial inquiry is "not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (internal quotation marks omitted).

> When prison officials maliciously and sadistically use force to cause harm  .  .  . contemporary standards of decency always are violated  .  .  .  whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Id.* (internal quotation marks omitted) (citing *Hudson*, 503 U.S. at 9).  Nevertheless, the extent of injury may provide some indication of the amount of force applied.  *Id*.  Because "not every malevolent touch by a prison guard gives rise to a federal cause of action," the Eighth Amendment "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  *Id*. at 37-38.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety.  *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not

6

inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### D.    Discussion

### 1.    The merits of plaintiff's Eighth Amendment claim

Defendants rely on the facts as set forth in defendants' incident report to support their motion for summary judgment.  Defendants' Brief at PageID.79; Incident Report (ECF No. 22-3).  Defendants summarized the report as follows:

> The facts of this case are reflected in the incident report including statements from the involved officers. The emergence of the facts of the incident are set forth in great detail in Exhibit 3. Officer Rick Ertman as the reporting officer described the events leading up to the necessary actions that Ertman, Leneway and O'Brien took in order to secure him.  Defendant Ertman told Plaintiff Walker that he was being locked down in Cell 2H11 because he tore the shower curtain off in Cell Block 2E and caused issues within the dorm. (Exhibit 1); (Exhibit 3, Pg. 3). Plaintiff continued to resist even though Deputy Leneway tried to help Deputy Ertman by getting Plaintiff's left arm from around Deputy Ertman's leg. Even with Deputy Leneway's assistance, Plaintiff continued to resist. (Exhibit 3, Pg. 4). Sergeant O'Brien arrived to assist Deputies Ertman and Leneway and told Walker to let go of Deputy Ertman's leg and quit resisting. Plaintiff by his actions refused. At that point, using the force necessary to gain control of Walker, Sergeant O'Brien struck Walker in the face with a closed fist. Walker responded by releasing Officer Ertman's leg and at that point Plaintiff Walker was placed into handcuffs and asked if he needed medical treatment. Plaintiff denied medical treatment. (Exhibit 3, Pg. 4). In spite of Plaintiff's denial of need for medical care, a nurse was contacted and evaluated Plaintiff. The report documents that there were no injuries to Plaintiff. (Exhibit 3, Pg. 5).

Defendants' Brief at PageID.79-80.

> In their brief, defendants recognize the limitations of the incident report, stating that

> Affidavits of the Defendant officers will be provided to the Court in a supplemental filing. The affidavits will attest to the accuracy of the information contained in the incident report (Exhibit 3). The supplementation is necessitated by factors associated with the delays precipitated by the Covid-19 pandemic.

*Id*. at PageID.80, fn. 1.  The Court notes that defendants' affidavits do not appear in the record.

Finally, defendants refer to plaintiff's criminal conviction in passing:

> Perhaps the ultimate fact in determination of the reasonableness of the actions of the officers was that Plaintiff was charged with the felony of assault of a prison employee. He was convicted of that charge by a jury on November 13, 2019. (Exhibit 6) Although the issues presented in a criminal trial are not identical to those presented in this instant case, this Court would certainly be acting within its discretion to accept the evidence of credibility of the Defendant officers the fact that Plaintiff was convicted of the assault charge. (Exhibit 5).

*Id*. at PageID.81. As discussed, defendants provided some documentation of plaintiff's conviction. While defendants did not provide a copy of the transcript of plaintiff's criminal trial, they offered to arrange delivery of one if the Court wanted a copy. *Id*. at PageID.81, fn. 2.

In his response, plaintiff states: that defendants failed to protect his health, safety, and security "by trying to place me in a dorm where I feared for my life"; that defendants Deputies Ertman and Leneway "never once, asked me who I had a problem with, or why I feared for my life", their "only concern was locking me down, in that dorm"; and, "this incident would have never occurred [sic], had the responding officer(s) followed the rules, and protocol, for insuring the safety, & security, for inmates in the Berrien County Jail." Plaintiff's Response (ECF No. 28-2, PageID.149).

After reviewing the record, the Court concludes that defendants failed to meet their "burden of establishing an absence of evidence to support the nonmoving party's case." *Copeland*, 57 F.3d at 478-79. It is undisputed that plaintiff and Deputy Ertman were engaged in an altercation on June 17, 2019. *See* Compl. (ECF No. 1, PageID.3-4); Incident No. 19-006412 (ECF No. 22-3, PageID.91).[2] It is also undisputed that Sgt. O'Brien punched plaintiff in the face. *Id*. Finally, it

---

[2] The Court notes that while the incident report references "Status: Warrant Request" (PageID.90), the report was not a sworn statement or declaration made under penalty of perjury.

is undisputed that a jury convicted plaintiff of assaulting a prison employee on November 13, 2019. *See* Judgment of Sentence (ECF No. 22-6, PageID.105).

Defendants have not submitted any depositions, affidavits, stipulations, admissions or interrogatory answers to support their motion. *See* Fed. R. Civ. P. 56(c)(1)(A). As for documents or other materials, *see id.*, defendants rely on the incident report and some blurry pictures. While defendants refer to plaintiff's criminal conviction, they have not developed any persuasive arguments connecting the conviction to plaintiff's claims in this case. In this regard, defendants admit that "the issues presented in a criminal trial are not identical to those presented in this instant case" and apparently ask the Court to find defendants' statements more credible than plaintiff's (*i.e.*, "this Court would certainly be acting within its discretion to accept the evidence of credibility of the Defendant officers the fact that Plaintiff was convicted of the assault charge"). Defendants' Brief (ECF No. 22, pageID.81). Contrary to defendants' invitation, the Court's resolution of a summary judgment motion does not include credibility determinations. "In reviewing a summary judgment motion, credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008).

For his part, plaintiff disputed the matters set forth in the incident report. In his August 30, 2019 complaint to Captain Wilkey, plaintiff stated that:

> After being escorted to one of the housing units, I noticed an inmate inside the unit that I have serious problems with. I told the officer I feared for my life and asked them to take me to the hole or another cell. They refused to listen, grabbed me by the neck, slammed me to the floor, and hit my head against the floor several times. SGT Obrien [sic] then punched me multiple times with a closed fist. I did <u>NOT</u> resist at all but I was charged with assault.

Case 1:19-cv-00722-RJJ    ECF No. 36,  PageID.242    Filed 02/10/21    Page 10 of 12

Formal Complaint (ECF No. 22-3, PageID.98) (emphasis in original).  As discussed in reference to Exhibit 4 and 4A, plaintiff also contends that the pictures do not tell the whole story.

The undisputed facts establish that that there was an altercation involving plaintiff, Deputy Ertman, and Sgt. O'Brien, which involved Sgt. O'Brien punching plaintiff in the face. There is no agreement on Deputy Leneway's role.  Viewing the sparse collection of facts in favor of the nonmoving party, if plaintiff did not resist the officers, there would be no penological reason for the altercation between plaintiff and Deputy Ertman, and no reason for Sgt. O'Brien to punch plaintiff in the face. While plaintiff was convicted of assaulting a prison employee, defendants have failed to connect the conviction with plaintiff's lawsuit.  As the Supreme Court stated in *Wilkins*, 559 U.S. at 37, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  At this juncture, there are insufficient facts to determine whether defendants applied force in good faith or to cause harm.  Accordingly, defendants' motion for summary judgment on the merits should be denied.

### 2.    Qualified immunity

Defendants also seek summary judgment on the basis of qualified immunity.  Under the affirmative defense of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right. . . Put simply, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Mullenix v. Luna*, 577 U.S. 7, 11-12 (2015) (internal

quotation marks omitted).   The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Carroll v. Carman*, 574 U.S. 13, 17 (2014).

The existence of qualified-immunity inquiry involves two questions: whether the defendant violated a constitutional right and whether that right was clearly established.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).   "These questions may be answered in any order; if either one is answered in the negative, then qualified immunity protects the official from civil damages." *Brown v. Chapman*, 814 F.3d 447, 457 (6th Cir. 2016).  "On summary judgment, the court must analyze these questions after construing the facts in the light most favorable to the party asserting the injury and drawing all reasonable inferences in that party's favor." *Id*.  When a defendant raises a defense of qualified immunity, the plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity."  *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007).

As discussed in § II.D.1, defendants have failed to meet their burden of establishing an absence of evidence to support plaintiff's case.   Because relevant facts are in dispute, defendants' motion for summary judgment on qualified immunity should be denied.  *See Bletz v. Gribble*, 641 F.3d 743, 749 (6th Cir. 2011) ("[I]f genuine issues of material fact exist as to whether the officer committed acts that would violate a clearly established right, then summary judgment is improper.").  Accordingly, defendants' motion for summary judgment on the ground of qualified immunity should be denied.

### III.    Recommendation

For these reasons, I respectfully recommend that plaintiff's motion to deny substitution of Exhibit 4 (ECF No. 30) be **GRANTED** and that defendants' motion for summary judgment (ECF No. 21) be **DENIED**.

Dated: February 10, 2021                                  /s/ Ray Kent
                                                          Ray Kent
                                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).